UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEPHEN KENNEDY,

                Plaintiff,

        - against -

ROYAL PROPERTY ADVISORS INCORPORATED,
and MARTIN PERALTA-PENA,

                Defendants.
-------------------------------------------------------------X

14 CV 8038

COMPLAINT

ECF CASE

Plaintiff STEPHEN KENNEDY, by his attorney, EDWARD C. GREENBERG, LLC., alleges as follows that:

## PARTIES

1. Plaintiff STEPHEN KENNEDY (hereinafter "Plaintiff" or "KENNEDY") is an individual who resides at 108 Executive Estates Drive, Saint Louis, Missouri 63141.

2. Defendant ROYAL PROPERTY ADVISORS INCORPORATED (hereinafter "Defendant" or "RPA") is a domestic business corporation duly organized and existing under the laws of the State of New York, authorized to do business in the State of New York, and upon information and belief, maintains its principle place of business at 50 Main Street, Suite 1000, White Plains, New York 10606.

3. Defendant MARTIN PERALTA-PENA (hereinafter "PERALTA-PENA") is an individual who upon information and belief resides in the State of New York, and who routinely does business in the State of New York, County of Westchester at the address of 50 Main Street, Suite 1000, White Plains, New York 10606.

4. Upon information and belief, PERALTA-PENA wholly owns and conducts business through defendant RPA.

## JURISDICTION AND VENUE

5. This is a civil action for copyright infringement.

1

6. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1338.

7. Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1400.

## FACTS COMMON TO ALL CLAIMS

8. That Plaintiff KENNEDY is a successful professional photographer with many years of experience and a considerable reputation.

9. KENNEDY is well known in the photography business, as he is the proprietor of KennedyStock, LLC, a photography licensing company with over 9,000 images created by KENNEDY.

10. That KENNEDY's photographs are of actors, models and ordinary people.

11. KENNEDY operates his stock photography company, KennedyStock, LLC, through the website www.kennedystock.com, which he displays his images, and through which the company can enter into transactions with third parties for a license to use a given image in exchange for profit to the company and KENNEDY.

12. KENNEDY's photos are frequently purchased for use by businesses in lieu of hiring a photographer for a specific assignment.

13. RPA manages and provides services to single family homes, Condos, Co-Ops, apartment buildings and commercial properties in the New York City metropolitan area.

14. Upon information and belief, RPA is wholly owned by PERALTA-PENA.

15. That PERALTA-PENA is the founder and president of RPA

16. Defendants RPA and upon information and belief PERALTA-PENA control, and operate www.rpa360.com (hereinafter the "RPA Website").

17. That the RPA Website serves to promote, advertise and solicit business for defendants.

18.     According to the website www.rpa360.com, PERALTA-PENA is a "registered financial advisor" and a "Licensed Broker".

## THE IMAGE

19.     KENNEDY shot an image of one James Ferris, a bald man with facial hair (hereinafter the "Image" or "Subject Image").

20.     That KENNEDY published the Subject Image only on his website www.kennedystock.com (a copy of the Subject Image as it appears on Plaintiff's website is annexed hereto as **Exhibit "A"**).

21.     KENNEDY is well known as the creator of the Subject Image, as the Image is published on his website, and as KENNEDY is credited with the rights to the Image through the use of an identifying yellow rectangular label on the bottom right corner of the Image which states "STEPHEN KENNEDY STOCK 314-621-6545 Location: NORTH AMERICA Subject: RIGHTS-MANAGED IMAGES" (hereinafter the "KENNEDY Label").

22.     KENNEDY is further known as the creator of the Subject Image as there is a link titled "Pricing" at the top of his webpage which gives visitors directions on how to purchase the rights to the Subject Image.

23.     KENNEDY duly registered the Image with the United States Copyright Office on June 19, 2012, Registration No. VAu 1-118-699 (a copy of said registration is annexed hereto as **Exhibit "B"**).

## THE OFFENDING USE OF THE IMAGE

24.     Defendants have employed the Image on the RPA Website without a license, authorization or consent.

25.     A copy of the Subject Image as displayed on the RPA Website is annexed hereto as **Exhibit "C"**.

3

26.     Defendants have published the Subject Image on the RPA website so as to make it appear that the PERALTA-PENA is the man depicted in the Subject Image and that the Subject Image is of PERALTA-PENA.

27.     That the Subject Image does not depict PERALTA-PENA, but rather one James Ferris.

28.     That the representation by defendants that the Subject Image depicts PERALTA-PENA is false and misleading.

29.     That the Image as displayed on the RPA Website has been cropped so as to remove the KENNEDY Label.

30.     Upon information and belief, PERALTA-PENA selected plaintiff's Image to include on the RPA Website, approved of and published or directed the publication of the Image on the RPA Website.

31.     Upon information and belief PERALTA-PENA had the right and ability to supervise and in fact did supervise the selection and publication of the Subject Image on the RPA Website.

32.     Upon information and belief PERALTA-PENA personally participated in the selection and/or publication of the Image on the RPA Website.

33.     KENNEDY has never granted either of defendants any license, authorization or consent for either of defendants to use the Subject Image in any media or for any purpose whatsoever.

34.     Upon information and belief, RPA, PERALTA-PENA, or someone on behalf of one or more of them, perused KENNEDY's website KennedyStock.com, selected the Subject Image, and rather than requesting a license for its use and paying for same, took a screen capture of the Image for its own use.

35. That other than as used without authorization by defendant(s), the Subject Image has only ever been published on KennedyStock.com.

36. That upon information and belief, defendants, or one or more of them, knowingly and willfully appropriated the Subject Image from KennedyStock.com, rather than paying for its use of the Image.

37. Defendants have employed the Subject Image for their own commercial benefit.

38. Defendants never sought nor obtained a license, authorization or consent from KENNEDY for their use of his Image.

39. Defendants used the Subject Image created by KENNEDY rather than using an actual and existing photo of PERALTA-PENA.

40. Defendant appropriated and employed the Subject Image rather than hiring a photographer to create an image of PIRALTA-PENA for its use.

41. Defendants have used the Subject Image for their own economic advantage and to the detriment of KENNEDY.

42. Pursuant to Federal Rule 11, Plaintiff has sought to obviate judicial intervention and the filing of suit.

43. On May 29, 2014, KENNEDY, by counsel, issued and delivered correspondence to RPA and PERALTA-PENA, advising them, inter alia, to remove the Subject Image from the RPA Website, that RPA's use of KENNEDY's Image was in violation of KENNEDY's copyright, and that RPA had no right to use the Image in any way, shape or form (hereinafter the "May 29, 2014 Notice Letter", a copy of which is annexed hereto within **Exhibit "D"**, sans its exhibits which are elsewhere annexed to this Complaint).

44.     That the May 29, 2014 Notice Letter requested, *inter alia*, a disclosure of the full nature and extent of defendant(s)' uses of the Subject Image so that Plaintiff could in good faith formulate a reasonable fee to compensate him for the unauthorized use.

45.     That neither defendant responded orally or in writing to the May 29, 2014 Notice Letter.

46.     On July 22, 2014, KENNEDY, by counsel, sent another letter to Defendant, with the May 29, 2014 Notice Letter enclosed, again requesting that defendants respond to the May 29, 2014 Notice Letter (hereinafter the "July 22, 2014 Letter", a copy of which is annexed hereto as **Exhibit "D"**, with its referenced enclosure).

47.     That Defendants, or one or more of them, have apparently removed the Subject Image from the RPA Website, along with at least two other images, not created by KENNEDY.

48.     As of the date of this Complaint, neither of defendants, or one or more of them, have provided any written or oral response to plaintiff or his counsel.

49.     Defendants have failed to disclose to plaintiff the full nature and extent of their uses of plaintiff's Image, including but not limited to when they first began employing the Subject Image, and the date upon which it was removed.

50.     Defendants have failed to disclose the identity and location of all media and publications on which they employed the Subject Image without a license, authorization or consent.

51.     Defendants have failed to provide any compensation to KENNEDY for their use of the Subject Image without a license, authorization or consent, in violation of the exclusive rights granted to KENNEDY as the copyright holder.

52.     Plaintiff is committed to protecting his copyright in the Subject Image.

53.     That the Defendants have no defenses at law to the claims set forth herein.

54. That the full nature and extent of all infringing uses of plaintiff's Image by RPA is unknown to Plaintiff as of this writing, said information being within the sole knowledge, custody, and control of Defendant. That such details and information are expected to be ascertained through discovery in this action.

55. Paragraphs "1" through "54" are incorporated by reference with respect to each of the below claims for relief.

**FIRST CLAIM FOR RELIEF**
Copyright Infringement
Under Section 501 of the Copyright Act

56. That the use of the Plaintiff's Image by the Defendants, or one or more of them, in connection with the website "www.rpa360.com" was and is without the plaintiff's authorization, license or consent.

57. That, upon information and belief, the defendants, or one or more of them, have infringed the copyright in Plaintiff's Image.

58. That, upon information and belief, the aforementioned acts of defendants, or one or more of them, constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to KENNEDY as copyright holder.

59. That, upon information and belief, defendant(s)' use(s) of the Subject Image was willful, intentional, malicious, and in bad faith.

60. That, upon information and belief, defendant(s)' use of the Image in violation of Plaintiff's copyright was negligent in that it knew or should have known that it was without a license for the use(s) complained of herein.

61. That, upon information and belief, defendants, or one or more of them had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that Plaintiff held the copyright in the

Subject Image, that defendants never had a license, consent, or authorization by Plaintiff for the use of Plaintiff's Image on its website or in any other medium of news source employed by defendants, or one or more of them, and that any such use would be in violation of Plaintiff's copyright.

62. Plaintiff is a professional photographer who earns his livelihood by licensing rights to third parties to employ his photographic images.

63. That as a result of defendant(s)' acts, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

64. That as a result of defendant(s) copyright infringement of Plaintiff's Image, Plaintiff is entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and as an alternative to statutory damages, Plaintiff, at his election prior to judgment is entitled to recover his actual damages and any additional profits of the defendant(s), attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b).

## SECOND CLAIM FOR RELIEF
Removal or Alteration of Copyright Management Information
Under Section 1202 of the Copyright Act

65. Upon information and belief, defendants intentionally and willfully removed or altered the KENNEDY Label from the Subject Image, without the authority of KENNEDY.

66. That defendants, or one or more of them, distributed plaintiff's Image at least on the RPA Website, while knowing that the KENNEDY Label was removed or altered without the authority of KENNEDY.

67. That defendant(s)' cropping of the Image such that the Kennedy Label was removed from its display and publication constitutes a violation of Section 1202(b) of the Copyright Act.

68. Upon information and belief, defendants, or one or more of them knew and/or had reasonable grounds to know that by concealing the KENNEDY Label, that it would induce, enable, facilitate, or conceal defendant(s)' infringement of Plaintiff's Image.

69. That defendants, or one or more of them, intentionally and/or knowingly concealed the KENNEDY Label as aforesaid, in order to make it look like the Image was an actual image of PERALTA-PENA, rather than a stock photograph from KENNEDY's collection of images.

70. As a result of defendant(s)' actions with regard to the KENNEDY Label, Plaintiff has been and will continue to be damaged in an amount as yet to be determined.

71. As a result of defendant(s)' actions with regard to the KENNEDY Label, Plaintiff is entitled to damages in the form of actual or statutory damages pursuant to 17 U.S.C. 1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. 1203(b)(4), reasonable attorney's fees pursuant to 17 U.S.C. 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. 1203(b)(1), and or the impounding, modification or destruction of any items involved in the violation pursuant to 17 U.S.C. 1203(b)(2) and 1203(b)(6).

## JURY DEMAND

72. That Plaintiff requests a trial by jury of all issues.

**WHEREFORE**, plaintiff demands judgment as against the defendant as follows:

**ON THE FIRST CLAIM**- (A) Award to plaintiff his actual damages incurred as a result of defendant(s)' infringements, and all profits realized as a result of their infringements, in amounts to be determined at trial but in an amount to be determined by this court; or (B) in the alternative, at plaintiff's election, award to plaintiff maximum statutory damages pursuant to 17 U.S.C. § 504 for each individual act of infringement, and for an order of injunction permanently enjoining and prohibiting the defendants, including but not limited to wholly owned subsidiaries, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of plaintiff's copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE SECOND CLAIM**- (A) Award to plaintiff his actual damages incurred as a result of defendant(s)' infringements, in amounts to be determined at trial but in an amount to be determined by this court; or (B) in the alternative, at plaintiff's election, award to plaintiff maximum statutory damages pursuant to 17 U.S.C. § 1203(c)(3) for each individual act of infringement; and for an order of injunction permanently enjoining and prohibiting the defendants, including but not limited to wholly owned subsidiaries, from employing, altering, cropping, mutilating or otherwise utilizing plaintiff's copyrighted Image or its copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)1; and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4)-(5);

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper inclusive of any and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

Dated: New York, NY
      October 6, 2014

Yours, etc.,

EDWARD C. GREENBERG, LLC

_____
By: Edward C. Greenberg, Esq. (ECG 5553)
By: Tamara L. Lannin, Esq. (TL 3784)
570 Lexington Ave., 19th Floor
New York, NY 10022
Tel: (212) 697-8777
Fax: (212) 697-2528
*Attorneys for Plaintiff*